UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DAVIDSON INSTRUMENTS, INC. <br><br> Plaintiff, <br><br> v. <br><br> PARKER-HANNIFIN CORPORATION, <br><br> Defendant. | CASE NO. 2:25-cv-520 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO SEAL COMPLAINT

Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure and Local Rule CV-5(7), Plaintiff Davidson Instruments, Inc. ("Davidson") files this Motion to Seal its Complaint.

1. Davidson Instruments, Inc. ("Davidson"), a Delaware Corporation headquartered in Texas, sues Parker-Hannifin Corporation ("Parker"), an Ohio Corporation headquartered in Ohio, for misappropriation and destruction of its trade secret assets in violation of the Defend Trade Secrets Act of 2016 (18 U.S. Code § 1836) and the Texas Uniform Trade Secrets Act (Chapter 134A Tex. Bus. & Com. Code). Davidson also sues Parker for infringement of its U.S. Copyright Registration, VAu 1-545-017 (17 U.S. Code § 501) and for attempted monopolization and monopolization of relevant markets in this country for the innovation for fiber-optic pressure sensors and measurement systems for combustion in jet engines (15 U.S. Code §§ 2, 15).

2. The claims against Parker are based on its acts that effectively misappropriated and destroyed Davidson's trade secrets. Although Parker caused key Davidson trade secrets to be published in 2024, among other things, there is information in the Complaint that remains confidential, including specific trade secret and confidential and proprietary business information. In addition, some of this information may still be subject to non-disclosure agreements.

3. 18 U.S. Code § 1835(a) provides for measures to preserve trade secret information in a complaint for relief under the Defend Trade Secrets Act:

> the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws.

4. Likewise, Section 134A.006(a) of the Texas Civil Practice and Remedies Code provides: "In an action under this chapter, a court shall preserve the secrecy of an alleged trade secret by reasonable means. There is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets." Tex. Civ. Prac. & Rem. Code § 134A.006(a).

5. The Federal Rules of Civil Procedure and the Court's local rules likewise provide procedures for protection of trade secrets and confidential information during litigation.

6. The Complaint contains sensitive trade secret and confidential, proprietary information that belongs to Davidson. Davidson will be harmed if any of its remaining trade secrets or confidential, proprietary information are disclosed in a public filing.

7. Further, the Complaint may contain other personal or business information that another person or entity may assert is confidential and should be protected from public disclosure to protect its interests and to protect the privacy of individuals involved.

8. There is a presumption favoring public access to judicial records; however, that presumption is not absolute and must be balanced against Davidson's, and others', interests in nondisclosure of what they claim as trade secrets and confidential, proprietary information. *See generally Motorola, Inc. v. Analog Devices, Inc.*, 2003 WL 25778434, at *1-2 (E.D. Tex. June 6, 2003) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). *See also* 18 U.S.C. § 1835(a); § 134A.0006(a) Tex. Civil Prac. & Rem. Code, *quoted above*. These interests in protecting trade secrets and/or confidential, proprietary information in accessing the courts

outweigh the public interest in favor of access to judicial records. Moreover, protection of these interests is provided for by statute here and in the public interest.

9. Davidson files contemporaneously with this motion a redacted version of its Complaint to protect the public's interest in access to judicial records.

## CONCLUSION

Davidson respectfully requests that the Court seal its complaint.

Date: May 12, 2025

By: */s/ Melissa R. Smith*
Melissa Smith
State Bar No. 24001351
GILLAM & SMITH LLP
303 S. Washington Ave.
Marshall, TX 75670
Tel. 903.934.8450
melissa@gilliamsmithlaw.com

Danielle J. Healey
State Bar No. 9327980
Brian G. Strand
State Bar No. 24081166
Holly H. Barnes
State Bar No. 24045451
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Tel. 713.522.1234
dhealey@spencerfane.com
bstrand@spencerfane.com
hbarnes@spencerfane.com

John V. Picone III
Admitted E.D. Tex./State Bar No. CA187226
SPENCER FANE LLP
225 West Santa Clara St., Suite 1500
San Jose, CA 95113
Tel. 408.286.5100
jpicone@spencerfane.com

Brian Medich (to be admitted *Pro Hac Vice*)
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056
Tel. 713.522.1234
bmedich@spencerfane.com

John R. Keville
State Bar No. 00794085
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
700 Louisiana St., Suite 2750
Houston, TX 77002
Tel. 713.431.7100
jkeville@sheppardmullin.com

Paul W. Garrity (to be admitted *Pro Hac Vice*)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel. 212.653.8700
pgarrity@sheppardmullin.com

James Y. Hurt
Admitted E.D. Tex./State Bar No. CA312390
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130
Tel. 858.720.8900
jhurt@sheppardmullin.com

***Attorneys for Davidson Instruments, Inc.***

# CERTIFICATE OF CONFERENCE

Defendant has not appeared in this matter; therefore, this Motion is filed as unopposed.

*/s/ Melissa R. Smith*