**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| DAVIDSON INSTRUMENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>PARKER-HANNIFIN CORPORATION,<br><br>Defendant. | CASE NO. 2:25-cv-520-JRG-RSP<br><br>JURY TRIAL DEMANDED |

# [PROPOSED] DOCKET CONTROL ORDER

In accordance with the scheduling conference held in this case, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| **Current Date** | **Proposed Date** | **Event Description** |
|---|---|---|
| February 8, 2027 | March 8, 2027 | Jury Selection – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| January 21, 2027 | February 18, 2027 | Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Roy Payne |
| January 14, 2027 | February 12, 2027 | File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| January 7, 2027 | February 5, 2027 | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires.[1] |

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| **Current Date** | **Proposed Date** | **Event Description** |
|---|---|---|
| January 7, 2027 | February 5, 2027 | File Motions *in Limine*<br><br>The parties are ordered to meet and confer on their respective motions *in* limine and advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before the pretrial conference. The parties shall limit their motions *in limine* to those issues which if improperly introduced into the trial of the case would be so prejudicial that the court not alleviate the prejudice by giving appropriate instruction(s). |
| January 7, 2027 | February 5, 2027 | Serve Pretrial Objections |
| January 5, 2027 | February 4, 2027 | File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov |
| December 17, 2026 | January 19, 2027 | Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| December 17, 2026 | January 19, 2027 | Serve Pretrial Disclosures |

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV 7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed.R.Civ.P. 6(d), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| **Current Date** | **Proposed Date** | **Event Description** |
|---|---|---|
| December 3, 2026 | January 4, 2027 | Deadline for Filing Dispositive Motions and any other motions that may require a hearing; including *Daubert* motions. |
| December 10, 2026 | January 11, 2027 | Defendant to Identify and Give Notice of Trial Witnesses |
| December 3, 2026 | January 4, 2027 | Plaintiff to Identify and Give Notice of Trial Witnesses |
| November 26, 2026 | December 28, 2026 | Mediation to be completed |
| November 3, 2026 | December 3, 2026 | Defendant to Designate Expert Witnesses[3]<br>Expert witness reports due<br>Refer to Local Rules for required information |
| October 29, 2026 | November 30, 2026 | Deadline to File Motions to Compel Regarding Discovery Disputes. |
| November 19, 2026 | December 21, 2026 | Discovery Deadline |
| October 15, 2026 | November 16, 2026 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents.) |
| October 6, 2026 | November 5, 2026 | Plaintiff to Designate Expert Witnesses[4]<br>Expert witness reports due<br>Refer to Local Rules for required information |
| | October 26, 2026 | Defendant to complete all outstanding document production |
| | October 12, 2026 | Defendant to make source code and prototype sensor available for inspection, begin rolling production of redacted Airbus documents, and substantially complete all other outstanding document production |

<u>OTHER LIMITATIONS</u>

---

[3] Plaintiffs who are also Counterclaim Defendants, as well as third-party Counterclaim Defendants, shall designate Expert Witnesses specific to such counterclaims at this deadline.
[4] Defendants who are also Counterclaim Plaintiffs shall designate Expert Witnesses specific to such counterclaims at this deadline.

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:
   (a) The fact that there are motions for summary judgment or motions to dismiss pending;

   (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

   (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

6. **<u>Lead Counsel</u>**: The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel.